## Nachtman, Appellant, *v.* Hammer.

*Malicious prosecution—Malice—Evidence—Immaterial error.*

In an action for malicious prosecution where the inquiry relates to the motive with which the prosecution was begun, it is improper to admit evidence for the purpose of showing that certain acts and declarations of the plaintiff were communicated to defendant three years after the prosecution complained of began.

The admission of such evidence, however, is not ground for reversal, where the court gives binding instructions for defendant on the ground that probable cause was shown by other evidence.

*Probable cause—Evidence.*

Evidence is sufficient to show probable cause for a prosecution for arson, where it appears that theater bills were torn from the walls of the room plaintiff had occupied, and were burnt; that piles of smouldering ashes and unconsumed scraps of paper were upon the floor; that matches were

scattered about the room, and that plaintiff had removed his effects at the time.

Argued March 21, 1893.    Appeal, No. 199, Jan. T., 1893, by plaintiff, Louis Nachtman, from judgment of C. P. No. 4, Phila. Co., Jan. T., 1887, No. 582, on verdict for defendant, John G. Hammer.    Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for malicious prosecution for arson.

At the trial, before ARNOLD, J., it appeared that plaintiff and one Miller were journeymen bakers employed by defendant in 1886, and occupied a fourth story room in defendant's house; that on Jan. 15, 1886, a fire occurred in this room, for the setting of which both plaintiff and Miller were subsequently arrested on the affidavit of defendant.    The evidence tended to show that theatre bills were torn from the walls of the room which plaintiff had occupied, and were burnt; that piles of smouldering ashes and unconsumed scraps of paper were upon the floor, that matches were scattered about the room, and that plaintiff and Miller had removed their effects at the time.

When Kate Rodgers was on the stand, defendant was allowed to prove, under objection and exception, that Nachtman and Miller were in Mr. Frappel's drinking that afternoon, and that they complained of Mr. Hammer, and said they were going to burn the Dutch son of a bitch out, and that they went over to his house, said they were going to leave him, and when they came back they said to Mrs. Rogers's husband they had done it.   He asked what they had done, and they said, " You will see in a short time."    That both she and her husband thought this was the drunken talk of these men, for they were pretty drunk, and they did not say anything to Mr. Hammer about it until when they found that these men had brought suit for damages three years afterwards.    They then told Mr. Hammer. [2]

The court charged in part as follows :

" Let us look at the evidence of the plaintiff to determine whether there was probable cause for the prosecution, and whether facts existed which in law constitute probable cause and which make it my duty to say so.    If the facts were in doubt the case would go to you to find what the facts were,

and then upon those facts the law would have to be applied by you. But where the facts are undisputed, according to the law of the state and all other states, the question whether those facts constitute probable cause is to be settled by the judge.

"What is the proof? Mr. Nachtman, the plaintiff, has been examined and cross-examined. He was asked the following questions and gave the following replies: ' Q. You did not scatter matches all around a heap of bills that you thus tore down? A. No. He (meaning Miller) took them off the wall and he wanted a match and the match box fell down. Q. And it scattered matches all around, did it? A. Yes, sir. Q. The whole box? A. Yes, sir. Q. How long were you in that room? A. About fifteen or twenty minutes. Q. The only light you had in that room was the burning of these theatre bills? A. Not the whole time. I don't know how long they burned. About ten minutes we burned a light, or twelve minutes. I don't know the minutes. I had no clock. . . . Q. Did you swear on a former occasion that you were present in that room about twenty minutes and all that time you were burning theatre bills? A. Yes, sir. Not one the whole time. Q. Did you not say then that you were burning the theatre bills all that time? A. I say about fifteen minutes—fifteen minutes or twenty minutes.'

"This is an admission [that the theatre bills were torn off of the wall and burned, and that matches were scattered all over the floor. That constituted probable cause which would induce any reasonable man to suspect that an attempt had been made to set fire to his building. It makes no difference whether the matches fell to the floor accidentally or otherwise. We have the fact that the theatre bills which had been placed upon the wall were torn down, burned and thrown upon the floor, and that by some means the floor was strewn with matches. That constituted probable cause which justified Mr. Hammer in causing the arrest of the plaintiff, and under these circumstances he is not responsible in this action for damages for malicious prosecution.] [4]

"You will, therefore, find a verdict for the defendant."

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (2) ruling on evidence; and (4) instructions; quoting instructions, and offer of evidence, but not bill of exceptions or evidence.

*William C. Mayne, Thomas H. Neilson* and *W. K. Shryock* with him, for appellant, cited: Galloway v. Stewart, 19 Am. R. 677; Turner v. Ambler, 10 Q. B. 252; Scott v. Shelor, 28 Grat. (Va.) 891; Stansell v. Cleveland, 64 Tex. 660; Brewer v. Jacobs, 22 Fed. R. 217; Wheeler v. Nesbitt, 24 How. S. C. 544; Roberts v. Young, 42 Pa. 439; Steckel v. Desh, 2 Penny. 311; Hampton v. Jones, 58 Iowa, 317; Hirsch v. Feeney, 83 Ill. 548; Fagnan v. Knox, 66 N. Y. 525; Woodworth v. Mills, 61 Wis. 44; Krulevitz v. R. R., 140 Mass. 573.

*William C. Hannis,* for appellee, cited: Miller v. Hammer, 141 Pa. 198; Wheeler v. Nesbitt, 24 How. 544; McClafferty v. Philp, 151 Pa. 86; Mahaffey v. Byers, 151 Pa. 92; Dietz v. Langfitt, 63 Pa. 234; Beach v. Wheeler, 30 Pa. 72; Travis v. Smith, 1 Pa. 234; Cougle v. McKee, 151 Pa. 602.

PER CURIAM, April 10, 1893:

If this case had been submitted to the jury, and a verdict rendered in favor of the defendant, the error pointed out by the second assignment of error would have required a reversal. The defendant had begun a prosecution against Nachtman in 1886, which upon investigation was not sustained. This action for malicious prosecution was then begun. The defence set up was the existence of probable cause. In support of this defence evidence was offered for the purpose of showing that certain acts and declarations of the plaintiff were communicated to the defendant about three years after the prosecution complained of began. The objection to its admission was overruled and the evidence given. It was clearly incompetent for the purpose for which it appears to have been offered and the objection should have been sustained. The inquiry related to the motive with which the prosecution was begun. Was it a bad one, or an honest one? This did not depend on knowledge acquired three years after the act alleged to be malicious was done. But this error really did the appellant no harm, since the learned judge did not submit the case to the jury upon the evidence,

but gave them a binding instruction to find for the defendant. He held that upon the facts that were admitted by the plaintiff, probable cause was shown. These facts were, the tearing of theatre bills from the walls of the room the plaintiff had occupied, and burning them; the existence of the pile of smouldering ashes and unconsumed scraps of paper upon the floor, the scattering of matches about the room; and the removal by the plaintiff and his companion of their effects from the house at that time. These circumstances the learned judge held to be sufficient to arouse suspicion and afford probable cause. The admission of the evidence complained of was therefore immaterial and the judgment must be affirmed, for the reason given by the court below.